FILED

2015 AUG 31  A 11: 23

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES C. SPARGO,

    Plaintiff,

v.

CVS PHARMACY, INC.,

    Defendant.

CIVIL ACTION FILE NO.

CA 15- 363 M

## COMPLAINT

Plaintiff JAMES C. SPARGO, *Pro Se*, for his Complaint, respectfully alleges the following:

### NATURE OF THIS ACTION

1.

This is an action brought under The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* to recover unpaid overtime compensation, liquidated damages, and related relief.

### PARTIES

2.

Plaintiff lives in Georgia.

—1—

3.

CVS Pharmacy, Inc. (CVS) is a Delaware corporation with its principal office and place of business at One CVS Drive, Woonsocket, Rhode Island 02895. CVS can be served by delivering a copy of the summons and complaint to its registered agent, CT Corporation Systems, 450 Veterans Memorial Parkway, Suite 7A, East Providence, Rhode Island 02914.

5.

Defendant is engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

6.

Defendant, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

7.

At all relevant times, individually and collectively, Defendant have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

9.

As an employer engaged in commerce, Defendant is subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

## FEDERAL QUESTION JURISDICTION

10.

Jurisdiction over this action is conferred on this Court under 28 U.S.C. § 1331 in that Plaintiff's FLSA claims arise under a federal statute, *i.e.* 29 U.S.C. § 201 *et seq.*

## VENUE

11.

Venue is proper in the District of Rhode Island in that the Defendant is deemed to have its "residence" in this judicial district under 28 U.S.C. 1391(c)(2).

## FACTS

12.

Between September, 2009 to present, CVS employed Plaintiff under the title, "Regional Loss Prevention Manager."

13.

During Plaintiff's employment and at all times relevant to this Complaint, Plaintiff's direct supervisor was an Area Loss Prevention Manager (ALPD).

14.

During Plaintiff's employment and at all time relevant to this Complaint, there were approximately 8-10 ALPDs employed by CVS.

15.

During Plaintiff's employment and at all times relevant to this Complaint, ALPDs traveled to CVS' corporate offices at One CVS Drive, Woonsocket, Rhode Island to meet with Michael Silveria, CVS' Director of Loss Prevention.

16.

Throughout his employment, and while serving CVS under the title (or similar title) of "Regional Loss Prevention Manager," (RLPM), Plaintiff did not perform the duties of a "manager," as that term is defined or interpreted under the FLSA and U.S. Department of Labor (DOL) regulations.

17.

Plaintiff did not have discretionary authority as an RLPM.

18.

Plaintiff, and all RLPMs throughout the nation, performed two primary job functions:

a. **Baseline Audit Checklists**. Each month, CVS' Corporate LP Department requires RLPMs to conduct no less than 10 of what CVS describes as a "Baseline Budit" and what the RLPMs refer to as "checklists." In CVS' parlance, a "baseline audit" does not consist of analyzing financial or any other business accounts or records. Rather, a "baseline audit" is a list of 36 "yes-no" questions. RLPMs, including Plaintiff, do not have any input into the preparation of the baseline audit form. The baseline audit form, and its periodic amendments, are prepared by CVS' Corporate LP Department.

b. **Investigations**. Plaintiff, and all other RLPMs, follow a strict, step-by-step protocol regarding Pharmacy Investigations and are not authorized to deviate from the step-by-step protocol:

> **Step 1**: Corporate LP Identifies Issue, RLPM Counts the Drugs by hand. Corporate LP identifies an issue, directs the RLPM to go to the store and count the drugs by hand under the direction of the pharmacist. The RLPM fills in the drug count on a form provided by management.

> **Step 2: RLPM Submits the Form and Waits for Instructions.** The RLPM submits the form and awaits further instructions from Corporate L.P. Corporate LP would tell the RLPM whether or not there was a drug loss.

> **Step 3**: If Corporate LP determines that there has been a drug loss, the RLPM contacts supervisor for further instructions.

> ALPD or S-RLPM dictates the steps the RLPM will follow in the investigation and who, if anyone, the RLPM can interview.

- **Step 4**: RLPM conducts limited interview with employees under supervision of the Pharmacy Supervisor or District Manager.

19.

Plaintiff worked in excess of 40 hours every week of his employment. Defendant never provided Plaintiff with overtime compensation for hours worked in excess of 40 in a workweek.

20.

During the relevant period, Plaintiff worked not less than an average of 55 hours per week for the preceding five years.

21.

On April 4, 2014, Plaintiff "opted-in" to a conditionally certified collective action filed by former RLPM Philip Bradford in the United States District Court for the Northern District of Georgia. That action is captioned *Philip Bradford v. CVS Pharmacy, Inc.*, 1:12-cv-1159-TWT.

22.

On August 7, 2015, the United States District Court for the

Northern District of Georgia issued an order granting Defendant's motion to decertify the putative class in the case brought by Philip Bradford.

23.

The tolling of the statute of limitations for Plaintiff and the other opt-in plaintiffs in the Bradford Litigation under 29 U.S.C. § 256 remains in effect as the August 7, 2015 decertification order did not dismiss the opt-in plaintiffs nor has the Northern District of Georgia issued a subsequent order dismissing the opt-in plaintiffs in the Bradford Litigation.

## CLAIM FOR RELIEF

### VIOLATION OF 29 U.S.C. § 216(b)

### (FLSA)

24.

Defendant repeatedly and willfully violated the provisions of § 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Plaintiff, engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such employees for their employment in

excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

25.

Plaintiff was regularly compelled to work more than 40 hours per week but was and are not paid overtime compensation as required under the FLSA.

26.

Plaintiff is not an exempt employee under the FLSA; thus, Defendant was required to pay him overtime compensation for all hours worked each week in excess of 40.

27.

Defendant' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

28.

Defendant owes Plaintiff overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

## COUNT II

29.

Within the preceding two years, Defendant, an employer subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

30.

Plaintiff is entitled to relief shifting the burden of proof to Defendant with regard to the amount of overtime worked due to the violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

WHEREFORE, Plaintiff demands relief as follows:

1. That process issue and that Defendant be served according to law;

2. An Order finding that Defendant violated Sections 215(a)(2) and 216(b) of the Act;

3. Judgment in favor of Plaintiff for unpaid overtime compensation together with liquidated damages or, in lieu thereof, Judgment in favor Plaintiff and against the Defendant for prejudgment interest;

4. Pursuant to Section 216(b) of the Act, judgment in favor of Plaintiff and against Defendant for reasonable attorney's fees in the event Plaintiff retains counsel;

5. Judgment in favor of Plaintiff for all taxable and non-taxable costs;

9. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R.Civ.P., **TRIAL BY JURY** on all claims on which a jury trial is available;

10. Such other, further and different relief as this Court deems appropriate.

This 23rd day of August, 2015

By: /s/ James C. Spargo
James C. Spargo, *Pro Se*