# SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims ("Agreement") is entered into by and between the plaintiff James Spargo, ("Plaintiff"), on his own behalf, his agents, representatives, assigns, heirs, executors, beneficiaries, and trustees; and Defendant CVS Pharmacy, Inc., on its own behalf and that of its divisions, parents, affiliates, subsidiaries, predecessors and successors, including, but not limited to, any and all CVS-related entities and their directors, partners, principals, officers, members, fiduciaries, trustees, insurers, employees, attorneys, and agents (collectively "Defendant," "CVS," or the "Company").  CVS and Plaintiff are referred to herein as the "Parties."

WHEREAS, the Plaintiff initiated the lawsuit now captioned *Spargo v. CVS Pharmacy, Inc.*, Case No. 5:16-cv-00251-MTT (the "Action"), pending in the United States District Court for the Middle District of Georgia (the "Court");

WHEREAS, in the Action, Plaintiff asserted wage and hour claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

WHEREAS, Defendant denies that it has committed any wrongdoing or violated the FLSA, has vigorously disputed the claims asserted in the Action, and asserts that it has strong defenses to the claims in the Action which defenses it believes are meritorious;

WHEREAS, Plaintiff concedes that he is employed by Defendant in an FLSA-exempt capacity as a Regional Loss Prevention Manager;

WHEREAS, Plaintiff has accepted a settlement fully and finally resolving any and all claims against Defendant, including but not limited to, alleged wages, liquidated damages, benefits, any and all other monetary damages of any kind (including but not limited to interest), and other relief of any nature whatsoever arising from the Action;

WHEREAS, the settlement is not an admission of liability nor is Plaintiff's acceptance of the offer to be construed as an admission that Defendant is or was liable to any individual in any amount;

WHEREAS, to avoid the uncertainty, burdens, and expense of further litigation, and without admission or finding of liability or wrongdoing on the part of Defendant, such being expressly denied by Defendant, Plaintiff and Defendant desire to settle and finally resolve all claims for attorneys' fees, costs, and expenses, including all those arising out of the Action, and those arising out of issues or claims that have been or could have been asserted by Plaintiff against Defendant in the Action or otherwise from the beginning of the world through the date Plaintiff executes this Agreement;

WHEREAS, the Parties, through their counsel, represent that they have diligently conducted a thorough investigation into the allegations contained in the Action and, having done so, believe that the settlement between the Parties is fair, reasonable,

Page **1** of **12**

JS (James Spargo) _____
53664269.3

adequate, and in the best interests of all in light of all known facts and circumstances, including the considerable expense of discovery and litigation, defenses asserted by CVS, uncertainty of the result through continued litigation and appeal, and the risks of delay and an adverse judgment;

WHEREAS, the Parties have engaged in arms-length negotiations that led to the Parties' agreement on the terms contained herein;

WHEREAS, the Parties have separately negotiated the settlement of attorneys' fees referenced herein;

WHEREAS, the Parties desire to resolve on the terms set forth herein any and all claims that were or could have been asserted by Plaintiff against CVS; and

NOW, THEREFORE, in consideration of the promises that are contained in this Agreement and other good and valuable consideration, the legal adequacy and sufficiency of which is acknowledged, it is agreed as follows:

1. **No Admission of Liability**.  This Agreement and compliance with this Agreement shall not be construed as an admission by Defendant of any liability whatsoever, or as an admission by Defendant of any violation of the rights of any person or entity, violation of any order, law, statute, duty, or contract whatsoever against any person or entity.  Defendant specifically disclaims any liability to Plaintiff or any other person for any alleged violation of the rights of Plaintiff or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of Defendant, its related companies, employees, agents, or employees or agents of the related companies.

2. **Settlement Consideration**.

    a. Payment to Plaintiff Spargo:  Within the time and in the manner specified in subsection (c) below, Defendant CVS Pharmacy, Inc. will issue to Plaintiff:

        (i) a check in the gross amount of two thousand, three hundred and forty-three dollars ($2,343.00), representing payment of all claimed wage damages of whatsoever nature, including without limitation alleged back wages and interest.  This payment is subject to all applicable withholdings and standard payroll deductions, and Defendant CVS Pharmacy, Inc. will issue to Plaintiff a W-2 Form for this payment; and

        (ii) a check in the gross amount of two thousand, three hundred and forty-three dollars and fifty-four cents

Page **2** of **12**

JS (James Spargo) _____
53664269.3

      ($2,343.54), representing payment of all claimed liquidated and/or punitive damages of whatsoever nature.  Defendant CVS Pharmacy, Inc. will issue to Plaintiff a Form 1099 for this payment.

  b. <u>Payment of Attorneys' Fees, Costs, and Expenses</u>:  Within the time and in the manner specified in subsection (c) below, Defendant CVS Pharmacy, Inc. will issue a check to Plaintiff's counsel (Stephen Katz) a payment in the gross amount of five thousand, three hundred and thirteen dollars and twenty-four cents ($5,313.24).  This amount represents payment of all claimed attorneys' fees ($4,000), and costs and expenses ($1,313.24).  Defendant CVS Pharmacy, Inc. will issue a 1099 to The Katz Law Group LLC (Tax ID number 46-0682877) for this payment.

  c. <u>Timing and Manner of Payment</u>:  Within seven (7) business days after (1) Plaintiff and Plaintiff's counsel sign and deliver the original executed Agreement and a stipulation of dismissal with prejudice referenced in Section 3 below to Defendant's counsel, and (2) the Court's approval of this Agreement and entry of the stipulation of dismissal, Defendant CVS Pharmacy, Inc. shall issue the checks described herein.  If the Court does not approve this agreement, Defendant will have no payment obligation. Plaintiff's counsel shall be responsible for distributing the checks to Plaintiff.

  d. It is confirmed and acknowledged between the Parties that money paid to Plaintiff pursuant to Section 2(a) through 2(d) represents settlement of Plaintiff's claims regarding wages he is alleged to have earned while employed at CVS and consideration for the releases and other promises, representations, and warranties contained in this Agreement.

3. **Dismissal with Prejudice**.  Contemporaneous with Plaintiff's and Plaintiff's counsel's execution and return of this Agreement, Plaintiff and Plaintiff's counsel shall execute and return to Defendant's counsel a stipulation of dismissal with prejudice of the Action, which Defendant shall file upon the Court's approval of this Agreement and Defendant's issuing the checks described herein.

4. **Complete Release by Plaintiff**.

  a. **Claims Released by Plaintiff**:  Plaintiff irrevocably and unconditionally releases all the claims described herein that he had or may now have, from the beginning of time until the date Plaintiff executes this Agreement, against the Released Parties listed in <u>Section 4(c)</u>, except that he is not releasing any claim that

Page **3** of **12**

relates to: (1) the right to enforce this Agreement, (2) any rights or claims that arise after signing this Agreement, and (3) any rights or claims that cannot lawfully be released.  Subject only to the exceptions just noted, Plaintiff is releasing all known and unknown claims, promises, causes of action, or similar rights of any type that he had or may have ("Released Claims") with respect to any Released Party listed in Section 4(c).  Plaintiff understands that the Released Claims he is releasing might arise under many different laws (including statutes, regulations, other administrative guidance, and common law doctrines), such as, but not limited to, the following:

Federal and state laws governing payment of wages, such as the Fair Labor Standards Act of 1938, as amended, as well as any state or local law (both statutory and common law) pertaining or related to hours of work, meal breaks, payment of wages, compensation, overtime pay, damages, interest, and/or penalties including without limitation all claims that were asserted or could have been asserted in the Action based on the allegations in the Action, regarding events that occurred or are alleged to have occurred regarding Plaintiff's employment with CVS.

Anti-retaliation and discrimination statutes, such as Title VII of the Civil Rights Act of 1964, which prohibits discrimination and harassment based on race, color, national origin, religion, and sex and prohibits retaliation; the Equal Pay Act, which prohibits paying men and women unequal pay for equal work; the Americans With Disabilities Act and Sections 503 and 504 of the Rehabilitation Act of 1973, which prohibit discrimination based on disability and retaliation; Sections 1981 and 1983 of the Civil Rights Act of 1866, which prohibit discrimination and harassment on the basis of race, color, national origin, religion or sex and retaliation; the Fair Labor Standards Act of 1938, as amended, and any other federal, state, or local laws prohibiting retaliation or employment discrimination.

Federal employment statutes, such as the Employee Retirement Income Security Act of 1974, which, among other things, protects employee benefits; the

Family and Medical Leave Act of 1993, which requires employers to provide leaves of absence under certain circumstances; the WARN Act, which requires that advance notice be given of certain work force reductions; and any other federal laws relating to employment, such as veterans' reemployment rights laws.

Other laws, such as any federal, state, or local laws governing payment of wages, or otherwise regulating employment; any federal, state, or local law enforcing express or implied employment contracts or requiring an employer to deal with employees fairly or in good faith; invasion of privacy, physical or personal injury, emotional distress, fraud, negligence, negligent misrepresentation, defamation, abusive litigation, improper garnishment, assignment, or deduction from wages, health and/or safety violations, improper drug and/or alcohol testing, and/or any other common law or statutory causes of action.

Examples of Released Claims which may have accrued include, but are not limited to, the following (except to the extent explicitly preserved by Section 4(a) of this Agreement): (i) claims that in any way relate to Plaintiff's employment with any Released Party such as claims for compensation, including wages, overtime compensation, liquidated damages, interest and/or penalties, benefits of any kind, or unused accrued vacation or sick pay; (ii) claims that in any way relate to allegations of alleged personal or physical injury or retaliation; (iii) claims that in any way relate to any state law tort or contract causes of action; (iv) claims for attorneys' fees, expenses or costs arising out of the Action.

b. The foregoing release shall be construed in the broadest sense possible and shall be effective as a prohibition to all claims, charges, actions, suits, demands, obligations, damages, injuries, liabilities, losses, and causes of action of every character, nature, kind or description, known or unknown, and suspected or unsuspected that Plaintiff may have against the Released Parties.

Page **5** of **12**

JS (James Spargo) _____
53664269.3

    Plaintiff acknowledges that Plaintiff may later discover facts different from or in addition to those facts now known to him or believed by him to be true with respect to any or all of the matters covered by this Agreement, and Plaintiff agrees that this Agreement nevertheless shall remain in full and complete force and effect.

  c. **Released Parties**:  The "Released Parties" are Defendant and all of its predecessors, successors, current, future and former parents, subsidiaries, affiliates, related companies, partnerships, investors, or joint ventures, and, with respect to each of them, their predecessors and successors; and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, plans, trustees, and any other persons acting by, through, under or in concert with any of the persons or entities listed in this subsection, and their successors.  Any individual person or entity included in the Released Parties shall be referred to individually as a "Released Party."

  d. **Unknown Claims**:  Plaintiff understands that he is releasing the Released Parties from Released Claims that he may not know about.  That is his **<u>knowing and voluntary intent</u>**, even though he recognizes that someday he might learn that some or all of the facts he currently believes to be true are untrue and even though he might then regret having signed this Agreement.  Nevertheless, Plaintiff is assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case.  Plaintiff expressly waives all rights he might have under any law that is intended to protect him from waiving unknown claims.  Plaintiff understands the significance of doing so.

 5. <u>Age Claim Waiver.</u>

Plaintiff understands this release includes a release and waiver of all rights and claims Plaintiff may have for age discrimination and/or retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA").  In compliance with the ADEA, Plaintiff acknowledges that he is waiving and releasing age claims under the ADEA and further acknowledges as follows:

 a. This Agreement is in writing in a manner that is understandable to Plaintiff.

 b. Plaintiff is advised that he has the right, and is encouraged by CVS, to consult with an attorney at Plaintiff's own cost prior to executing this

Page **6** of **12**

JS (James Spargo) _____
53664269.3

       Agreement.  Plaintiff represents that he has in fact negotiated the terms of this Agreement through his counsel.

c.      The waiver and release of rights and claims under the ADEA pertains only to rights and claims arising on or before the date Plaintiff executes this Agreement, and Plaintiff is not releasing or waiving any rights and claims under the ADEA that may arise after the date Plaintiff executes this Agreement.

d.      Plaintiff is receiving valuable consideration in the form of the settlement consideration described in Section 2 in exchange for signing this Agreement, and such consideration is not something Plaintiff would otherwise be entitled to receive unless he signed this Agreement.

e.      Plaintiff has twenty-one (21) days after the date on which this Agreement is delivered to Plaintiff, through his counsel, to consider whether or not to execute it. Plaintiff may accept the offer contained in the Agreement at any time within the twenty-one (21) day period by signing it and delivering it to Defendant. If Plaintiff accepts this offer and executes this Agreement in less than twenty-one (21) days, Plaintiff does so of his own free will and act and has made the voluntarily decision to forego the use of the entire twenty-one (21) day period. If Plaintiff does not accept the offer prior to the end of the twenty-one (21) day period, then this offer shall be automatically revoked and of no further effect. Plaintiff agrees that changes to this Agreement, whether material or immaterial, do not restart this twenty-one (21) day acceptance period.

f.      Plaintiff has seven (7) days after execution of this Agreement by Plaintiff to revoke the release of ADEA claims contained in this Agreement, and the release of ADEA claims contained in this Agreement shall not become effective or enforceable until the revocation period has expired, without Employee revoking the release of ADEA claims contained Agreement. This revocation must be done in writing and received by Defendant, attention: James J. Swartz, Jr., Polsinelli PC, 1355 Peachtree Street, NE, Suite 500, Atlanta, GA 30309, before the close of business on the seventh day. In the event of revocation of the release of ADEA claims in this Agreement, this entire Agreement shall remain in full force and effect except for Plaintiff's release of ADEA claims. This Agreement will become effective on the day Plaintiff signs this Agreement (the "Effective Date" of the Agreement). Plaintiff's release of ADEA claims will become effective on the eighth day after he signs this Agreement absent written notice of revocation of the release of ADEA claims contained in the Agreement on or before the seventh day following his execution of the Agreement. .

Page **7** of **12**

JS (James Spargo) _____
53664269.3

6. **Court Approval**.  The parties will seek Court approval of the Agreement. Plaintiff agrees to cooperate in obtaining such approval.

7. **Destruction of Documents**.  Plaintiff and Plaintiff's counsel agree to destroy all documents and copies of documents received from Defendant or from Defendant's counsel during the course of the Action or documents related to Plaintiff produced in the *Bradford* action (except for pleadings, all other matters filed as of court record, and any records required to be maintained by Plaintiff's counsel pursuant to the record-keeping provisions of the Georgia Rules of Professional Conduct).  This includes, without limitation, all such materials maintained in electronic storage devices or media, such as CDs or DVDs, computer hard drives, portable memory devises (flash drives), or web-based storage systems.  Within three (3) business days of the Court approving this Agreement and dismissing the Action with prejudice, Plaintiff's counsel and Plaintiff shall certify in writing to Defendant's counsel that destruction or deletion of all such materials has been completed and that they did not and have not provided copies to anyone.  Payment of attorneys' fees and costs as specified in Section 2(b), above, is contingent upon Plaintiff and Plaintiff's counsel's compliance with this section.

8. **Counterparts**.  This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, with the same effect as if all parties had signed the same document.  All such counterparts shall be deemed an original, shall be construed together, and shall constitute one and the same instrument.

9. **Governing Law**.  This Agreement shall be construed and interpreted in accordance with the laws of the State of Georgia, without giving effect to any internal conflict or choice of laws rules.

10. **Severability**.  Should any part of this Agreement be found to be illegal or in conflict with any law, or otherwise rendered unenforceable or ineffectual, the remaining parts of this Agreement shall be deemed severable and shall remain in effect so long as the remaining parts continue to constitute in substance the agreement that Plaintiff and Defendant intended to enter.

11. **Non-Assignment**.  Plaintiff agrees that he has not and will not assign this Agreement, any part of this Agreement, or any rights arising under this Agreement, to any person or entity.  Plaintiff further represents and warrants that, as of the effective date of this Agreement, the Released Claims have not been sold, assigned, or transferred, in whole or in part, to any other person or entity.

12. **No Adverse Construction**. It is acknowledged that Plaintiff and Defendant, with the assistance of competent counsel, have all participated in the drafting of this Agreement. Plaintiff and Defendant agree that this Agreement has been negotiated at arms' length by persons of equal bargaining power, each of whom was represented by competent counsel of his, her, or its own choosing. Neither Plaintiff nor Defendant shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

13. **Consideration of Release**. Plaintiff represents and warrants that (1) he is entering into this Agreement knowingly, and voluntarily, free from fraud, duress, coercion, or mistake of fact; (2) this Agreement is in writing and is understandable; (3) this Agreement explicitly waives current claims; (4) this Agreement does not waive future claims; (5) he is being paid something to which he or she was not already entitled; (6) Defendant advised him in writing to consult an attorney at his own expense; (7) Defendant gave him reasonable time to consider his release of claims; and (8) Plaintiff, through counsel, negotiated the terms of this Agreement.

14. **Payment of Applicable Taxes**. Plaintiff is and shall be solely responsible for all federal, state, and local taxes that may be owed by him by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Plaintiff agrees to indemnify and hold Defendant harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Plaintiff under this Agreement.

15. **Employee Medicare Declaration**. Plaintiff declares under the pains and penalties of perjury that: 1) he is not currently entitled to Medicare; and 2) none of the treatment (if any) he received for any injury or injuries claimed in this lawsuit, or related to the incident(s) giving rise to this lawsuit, or released in this agreement were or will be submitted to, or paid for by, Medicare.

16. **Plaintiff's Exempt Status**. Plaintiff agrees that he is employed by Defendant in an FLSA-exempt capacity as a Regional Loss Prevention Manager

17. **Entire Agreement**. This Agreement constitutes the entire, complete, and integrated statement of each and every term and provision agreed to by and between Plaintiff and Defendant and is not subject to any condition not provided for herein. This Agreement supersedes any prior

representations, promises, or warranties (oral or otherwise) made by Plaintiff or Defendant, and neither Plaintiff nor Defendant shall be liable or bound to the other for any prior representation, promise, or warranty (oral or otherwise) except for those expressly set forth in this Agreement. This Agreement shall not be modified or canceled in any respect except by a writing executed by Plaintiff and Defendant.

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT:  IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.  IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR AT YOUR OWN EXPENSE.

**[SIGNATURES FOLLOW]**

Page **10** of **12**

JS (James Spargo) _____
53664269.3

IN WITNESS WHEREOF, the Parties each voluntarily and without coercion have caused this Agreement to be signed and entered under seal as of the respective dates written below as their free acts and deeds.

# PLAINTIFF

**AGREED AND ACCEPTED**:

_____
James Spargo

Date: _____

# PLAINTIFF'S COUNSEL

**AGREED AND ACCEPTED**:

_____
Stephen M. Katz
Georgia Bar No. 409065
THE KATZ LAW GROUP LLC
4799 Olde Towne Parkway
Marietta, Georgia 30068

Date: _____

# DEFENDANT CVS PHARMACY, INC.

**AGREED AND ACCEPTED**:

_____
For CVS Pharmacy, Inc.

Title: _____

Date: _____